## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ALBERT GARRIDO** ) | ) | Case Number |
| Plaintiff ) | ) | |
| vs. ) | ) | **CIVIL COMPLAINT** |
| **J.A. CAMBECE LAW OFFICE, P.C.** ) | ) | **JURY TRIAL DEMANDED** |
| Defendant ) | ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Albert Garrido by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Albert Garrido, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant has an address in this District.

### III. PARTIES

4. Plaintiff, Albert Garrido is an adult natural person residing at 37 Cooper Place, Apartment 2F, Weehawken, NJ 07086. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, J.A. Cambece Law Firm, P.C. ("Defendant"), at all times relevant hereto, is and was a professional corporation engaged in the business of collecting debt within the State of New Jersey with an address of 820 Bear Tavern Road, Trenton, NJ 08628.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or around January 27, 2010, the Plaintiff began receiving phone calls from the Defendant regarding an alleged debt.

8. The Plaintiff uses an answering service, Purple Communications, which transcribes every voicemail the Plaintiff receives due to a hearing impairment. **See Exhibit "A" attached hereto.**

9. On or around February 2, 2010, the Defendant began contacting the Plaintiff's father and continued to do so twelve times until April 26, 2010. **See Exhibit "B" attached hereto.**

10. On or around February 22, 2010, the Plaintiff's father received a phone call from the Defendant's agent, "John," who was very rude telling the Plaintiff's father that the Defendant needs to get a hold of the Plaintiff regarding a Bank of America account.

11. During the aforementioned conversation, the Defendant's agent attempted to threaten the Plaintiff's father into giving the agent the Plaintiff's "whereabouts." The Defendant's agent also tried to guilt the Plaintiff's father into paying the alleged debt and told the Plaintiff's father, "Do the right thing before we are forced to do something we don't want to do." The Plaintiff's father was concerned for his son's safety.

12. The Defendant has spoken to the Plaintiff's father on multiple occasions disclosing details of the alleged debt.

13. The Defendant has failed to send anything in writing regarding the alleged debt to the Plaintiff, therefore the Plaintiff has no knowledge of the debt in which the Defendant is attempting to collect on.

14. On or around Saturday, March 23, 2010, the Plaintiff received a phone call from the Defendant at 7:41 am in which the Defendant failed to leave a message.

15. The messages left by the Defendant on the Plaintiff's cell phone were mostly prerecorded messages stating to remain on the line if it is the Plaintiff or otherwise disconnect. The prerecorded messages also stated that the Defendant is a debt collector attempting to collect.

16. The Plaintiff also received voicemails from the Defendant's agents, some stating their name and where they were calling from, others just stating the name of the Defendant and a call back number, while others simply stated their name and phone number failing to mention the Defendant or what the call was regarding.

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

20. The Defendant continued to call the Plaintiff up until July, 15, 2010, even though the Plaintiff filed for bankruptcy on June 22, 2010.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm |

| | | |
|---|---|---|
| §§ 1692c(b): | | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | | Profane language or other abusive language |
| §§ 1692d(5): | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6): | | Placed telephone calls without disclosing his/her identity |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, J.A. Cambece Law Office, P.C. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: November 17, 2010**     **BY: /s/ Bruce K. Warren**
Bruce K. Warren, Esquire


**BY: /s/ Brent F. Vullings**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorneys' for Plaintiff